**ALEXANDER KRAKOW + GLICK LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Christopher Lee (State Bar No. 313555)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811
E: balexander@akgllp.com | clee@akgllp.com

Attorneys for Plaintiffs
NEAL MOORE and SCOTT FIELD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| NEAL MOORE, an individual, and SCOTT FIELD, an individual,<br><br>     Plaintiffs,<br><br>   vs.<br><br>MICHAEL GATES, in his official and personal capacity, CITY OF HUNTINGTON BEACH, and Does 1-10, inclusive,<br><br>     Defendants. | CASE NO.: 8:19-CV-00009-DOC-ADS<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Age Discrimination - Cal. Gov't Code § 12940(A));**<br>2. **Hostile Work Environment (Age) – Cal Gov't Code § 12940 et seq.;**<br>3. **Disability Discrimination - Cal. Gov't Code § 12940(A))**<br>4. **Hostile Work Environment (Disability) – Cal. Gov't Code § 12940 et seq.;**<br>5. **Failure to Prevent Discrimination Based on Age and Disability - Cal. Gov't Code § 12940(K));**<br>6. **Disability Discrimination in Violation of the Rehabilitation Act – 29 U.S.C. § 794, et seq.;**<br>7. **Equal Protection – First Amendment Retaliation (42 U.S.C. § 1983)**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Neal Moore and Scott Field ("Plaintiff Moore", "Plaintiff Field" or "Plaintiffs") complain and allege the following against Defendants Michael Gates, in his official capacity, City of Huntington Beach, Michael Gates, in his individual capacity, and Does 1-10 (collectively, "Defendants"):

## INTRODUCTION

1.       Plaintiff Neal Moore is a seventy-three (73) year old former Senior Deputy City Attorney who was employed with the City of Huntington Beach for approximately fourteen (14) years.  He has forty-seven (47) years of cumulative municipal attorney experience in litigation matters.

2.       Plaintiff Scott Field is a sixty-two (62) year old current Senior Deputy Attorney who has been employed with the City of Huntington Beach for approximately twenty-two (22) years.  He has over 35 years of municipal attorney experience in both transactional and litigation matters.  Both Plaintiffs have been subjected to discrimination based on age.

3.       Michael Gates became the City Attorney of Huntington Beach in 2014. Since his arrival, Gates has made a concerted effort to push out or otherwise replace older workers, including Plaintiffs.  In approximately September 2016, City Attorney John Fujii (age 50 years old) retired under duress from Gates.  In or around December 2016, Gates created a new Senior Trial Counsel position, and shortly thereafter in 2017, hired two substantially younger attorneys to fill those positions: (1) Brian Williams, who is approximately forty (40) years old, was hired as Senior Trial Counsel; and (2) Jemma Dunn, who is approximately thirty-five (35) years old, was hired as a Senior Deputy City Attorney.  Plaintiffs are informed and believe that both attorneys were hired with the objective of replacing Plaintiffs.

4.       Gates engaged in concerted efforts to force Plaintiffs to resign, including heightened scrutiny, threats, harassment, and harsh and unjust discipline, and imposition of drastic cuts in compensation and retirement benefits, with the objective

1    calculated objective of forcing Plaintiffs out of their civil service positions.

2        5.     As a consequence of Gates' actions, Plaintiff Moore suffered a

3    constructive discharge, having been forced to resign rather than be subjected to

4    intolerable working conditions and the loss of significant current income and

5    retirement benefits.  Faced with the Hobson's choice of forced premature retirement

6    and no income, or enduring oppressive work condition as a condition of receipt of

7    current income, Plaintiff Field has remained employed with the City of Huntington

8    Beach, under duress, having received multiple draconian, unjust demotions.

9                          **JURISDICTION AND VENUE**

10       6.     This court has jurisdiction over the subject matter and the parties

11   pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201 and 2202.  This is an action arising

12   under the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and the Civil Rights Act 42

13   U.S.C. § 1983, *et seq.*

14       7.     This court has supplemental jurisdiction over the related state law claims

15   pursuant to 28 U.S.C. § 1367(a).  Plaintiffs' claims pursuant to the FEHA are related

16   to her federal claims, as all of Plaintiffs' claims share common operative facts.

17   Resolving all state and federal claims in a single action serves the interests of judicial

18   economy, convenience, and fairness to the parties.

19       8.     Michael Gates, in his official capacity as an elected official, and in his

20   personal capacity, and the City of Huntington Beach as a public entity, are subject to

21   personal jurisdiction for conducting substantial and continuous commercial activities

22   in California.  This case arises from Defendants' wrongful conduct in California,

23   where Defendants' employ Plaintiffs.

24       9.     Venue is proper in this district and county pursuant to 28 U.S.C. §

25   1391(b)(1) and (2) because Defendants continue to employ Plaintiff Field, and

26   previously employed Plaintiff Moore in this district, and because a substantial part of

27   the events and omissions giving rise to Plaintiffs' claims have and continue to occur

28                    THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

in this district.  Defendants are deemed to reside in this district under 1391(c) because they are subject to personal jurisdiction in the district.

10.     **Plaintiff**: Plaintiff Neal Moore is a seventy-three (73) year old man and a resident of County of Los Angeles, California.  Plaintiff Moore had been employed as a Senior Deputy City Attorney for 14 years, from January 2004 to April 6, 2018.

11.     **Plaintiff**: Plaintiff Scott Field is a sixty-two (62) year old male and a resident of Huntington Beach, California.  Plaintiff Field has been employed by the City of Huntington Beach for approximately 22 years, beginning in November 1995.

12.     **Public Entity Defendant**: The Office of the City Attorney is a department and public entity of the City of Huntington Beach, duly organized and existing under the laws of the State of California in the City of Huntington Beach.  Defendant is, and at all relevant times was, an employer pursuant to California Government Code §12926(d).

13.     **Individual Defendant**:  Defendant Michael Gates is the current City Attorney of the City of Huntington Beach.  Plaintiffs are informed and believe that Defendant Gates is, and at all times mentioned was, an individual residing in the State of California, County of Orange.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names.  Plaintiffs are informed and believe, and based thereon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when such identities become known.

15.     Plaintiffs are informed and believe, and based thereon alleges, that each of the Defendants acted in all respects pertinent to this action as the agent of the other

Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

16. Plaintiffs are informed and believe, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiffs are informed and believe, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiffs have fully exhausted all relevant administrative remedies in this matter.

18. Plaintiff Moore filed a complaint with the Department of Fair Employment and Housing ("DFEH"), based on which the DFEH issued a right to sue notice on May 29, 2018. Plaintiff Moore filed an amended complaint with the DFEH, based on which the DFEH issued an amended right to sue notice on November 19, 2018.

19. Plaintiff Field filed a complaint with the DFEH, based on which the DFEH issued a right to sue notice on March 16, 2018. Plaintiff Field filed an amended complaint with the DFEH, based on which the DFEH issued an amended right to sue notice on December 12, 2018.

## FACTUAL ALLEGATIONS

20. On or about September 20, 2016, City Attorney John Fujii (who had just turned 50), retired from the CITY under duress. Gates forced Fujii's retirement by assigning Fujii an excessive volume of assignments and an overwhelming workload, and then refusing Fujii's requests for additional attorney and staff support, or

1  alternatively, reassignment of matters to outside counsel.  Having succeeded in

2  overwhelming City Attorney Fujii and obtaining his forced resignation, Gates turned

3  this strategy on other senior legal staff such as Plaintiffs herein.

4  **A. <u>Plaintiff Moore</u>**

5      21.    Plaintiff Moore was last employed as a Senior Deputy City Attorney for

6  the City of Huntington Beach ("CITY").  Since 2004, Plaintiff Moore was

7  continuously employed in this capacity, as lead trial counsel for the CITY.

8      22.    Prior to becoming Senior Deputy City Attorney, Plaintiff Moore

9  represented the City of Huntington Beach in private practice, from 1976 to 2004.

10     23.    Plaintiff Moore has over 47 years of municipal attorney experience in

11 litigation matters, 42 years of which were spent representing the City of Huntington

12 Beach.

13     24.    Michael Gates was elected City Attorney of the City of Huntington

14 Beach in 2014.

15     25.    Since taking office, Gates has made a concerted effort to push out or

16 otherwise displace and replace older workers. In order to achieve this objective,

17 Gates has engaged in the following conduct, among other things: (1) replaced the

18 work and functions of older city attorneys with younger city attorneys; (2)

19 diminished and removed job duties; (3) threatened and in fact imposed unjustified

20 and draconian demotions and reductions in compensation, the latter of which Gates

21 knew would adversely affect current salary and future retirement benefits; (4)

22 assigned excessive duties with unreasonable deadlines, unachievable tasks and goals

23 measured to Gate's subjective satisfaction; and (5) falsely and/or unfairly attributed

24 fault and poor performance.

25     26.    In 2016, Gates created the position of Senior Trial Counsel. The job

26 description for this position mirrors the trial-related duties performed by Plaintiff

27 Moore since he was hired as a Senior Deputy City Attorney in 2004.

28

a. In 2017, Gates hired two substantially younger attorneys: (1) Brian Williams, approximately forty (40) years old, as Senior Trial Counsel; and (2) Jemma Dunn, approximately thirty-five (35) years old, as a Senior Deputy City Attorney.  Gates then systematically transferred duties from older attorneys, including Plaintiff Moore, to these younger attorneys.

b. Litigation duties previously performed by Plaintiff Moore were unceremoniously reassigned to Brian Williams.  Having previously been the lead trial attorney for the CITY, Plaintiff Moore was relegated to performing lesser discovery and motion work, much of which was entry level attorney work, awarding plumb assignments to new younger attorneys, Williams and Dunn, in effect treating them as the CITY's replacement trial attorneys.

27.     In over 14 years with the City of Huntington Beach, Plaintiff Moore earned an impeccable employment record, having achieved excellent case and trial results, and having never previously been disciplined.

a. On March 5, 2018, Gates demoted Moore *three* (3) classifications for purported incidents of misconduct.  In order to invoke these purported incidents, Gates had to reach back two years prior, to January 2016 and July 2016. This demotion resulted in an approximate 35% reduction in Plaintiff Moore's current salary, and a substantial reduction in the value of "banked" hours due Moore, effective April 9, 2018.  Gates imposed this draconian demotion, knowing that Plaintiff Moore would be forced to retire rather than suffer a catastrophic drop in the value of Moore's retirement benefits.

b. Adding insult to injury, and as further justification for the discriminatory actions taken, Gates falsely accused Plaintiff Moore of

malfeasance, misfeasance or nonfeasance; incompetence; inefficiency; inexcusable neglect of duty and malpractice; labeled him a discredit to public service, and, threatened to report him to the State Bar.

28.     Plaintiff Moore complained about his demotions and believed his age may have something to do with the demotions.  On approximately March 12, 2018, Plaintiff Moore complained to Michelle Warren, the Director of Human Resources at the CITY, about his demotion.  He believed Gates was demoting him as part of his plan to clean house and get rid of all the "old guard" attorneys in the office.  He then participated in a Skelly hearing on or about March 21, 2018 disputing his demotions. After his Skelly hearing, it was determined that his discipline would become effective on April 9, 2018.

29.     Plaintiff Moore was forced to resign from his position as Senior Deputy City Attorney, effective on April 6, 2018, due to intolerable work conditions created by Gates, including the adverse actions described above.  Viewed collectively, the actions taken by the CITY, through Gates, constitute a constructive discharge.

**B. <u>Plaintiff Field</u>**

30.     Plaintiff Field has been employed as an Assistant City Attorney for the City of Huntington Beach since 1995.

31.     Plaintiff Field has over thirty-five (35) years of municipal attorney experience in both transactional and litigation matters and has been employed with the CITY for over 22 years.

**Discrimination Based on Age**

32.     Matters previously assigned to Fujii were then reassigned to Plaintiffs. Some of these assignments were an indication that Plaintiff Field was being set up to fail.  For example, Plaintiff Fields was assigned voluminous discovery with imminent deadlines requiring a response.  In a matter of days, Plaintiff Field was required to familiarize himself with a new case and voluminous discovery in order to

respond to discovery and file attendant motions, all based on unachievable deadlines. Then, when Plaintiff Field was unable to meet the deadlines, or overlooked perceived issues in the haste to meet the deadlines, Plaintiff Field was berated and demoted, without regard to the unreasonableness of the voluminous workload or the imminent deadlines.  On or about November 21, 2016, Plaintiff Field was demoted from Assistant City Attorney to Senior Deputy City Attorney.

33.     Prior to Gates taking office in 2014, Plaintiff Field had never previously had any form of discipline imposed.  Based on false, unjustified and/or exaggerated circumstances, Gates imposed draconian forms of discipline, falsely asserting that Plaintiff Field was guilty of malfeasance, misfeasance or nonfeasance, incompetence, inefficiency, and inexcusable neglect.  Gates gratuitously labeled Plaintiff Field a discredit to public service, and vaguely threatened to report Field to the State Bar, by asserting that grounds existed for such a report.  Gates' disparagements were voiced in order to ultimately justify Plaintiff's demotion to the classification of Senior Deputy City Attorney, with a salary reduction of $7,000 per year.

34.     Having failed to succeed in pressuring Plaintiff Field to voluntary resign, post demotion, Gates persisted with the following actions, with the objective of forcing Plaintiff Field to voluntarily resign:

      a.  Gates repeatedly disciplined Plaintiff Field with written reprimands, issued on December 6, 2016, January 9, 2017 and March 21, 2017.

      b.  In the presence of Plaintiff's long-time peers, Gates publicly humiliated and embarrassed Plaintiff Field, by removing him from the litigation team, while still requiring him to attend Litigation Team meetings, rendering Plaintiff a visible pariah among his long-time peers.

      c.  Plaintiff Field's name was unceremoniously removed from all pleadings, despite his continued litigation responsibilities and the issuance of new and often last minute assignments.

d.  Plaintiff Field's scope of responsibility was diminished and reduced to the equivalent of an unlicensed law clerk, and he was subjected to overbearing and hypercritical supervision as to even nominal decisions.

e.  Successive derogatory and unjustified verbal and written reviews were issued, the most recent being on August 25, 2017.

35.    On or about November 22, 2018, Plaintiff Field was subjected to a second demotion, this time from Senior Deputy City Attorney to Deputy City Attorney.

**Hostile Work Environment Based on Disability**

36.    Beginning in October 2016, Plaintiff Field underwent several cataract procedures.  Thereafter, Plaintiff Field was issued verbal and written reprimands for taking protected medical leave to treat his disability.

37.    In or about September 23, 2016, Plaintiff Field notified Gates of an upcoming October 25, 2016 surgery and post-surgical appointment the following morning.  Despite knowledge of Plaintiff Field's eye surgery and need for recovery, on Sunday October 23, 2016, Gates ordered Plaintiff to file several written oppositions by Wednesday, October 26, 2016.   When Plaintiff Field reminded Gates of his surgery and post-surgical appointment, Gates responded by falsely denying knowledge of Plaintiff Field's "personal medical reasons," with a lengthy, nasty, demeaning tirade.  Gates then mockingly claimed to have "accommodated" Plaintiff Field's "personal needs" by nominally delaying the due date for the oppositions by a single day.

38.    In late October 2016, Plaintiff Field gave Gates notice of Plaintiff's need for a second cataract surgery, to occur on November 1, 2016.  Post-surgery, Plaintiff Field went into the office on the afternoon of his surgery.

39.    As an act of harassment and retaliation, and in violation of City policy, Gates designated the day "absent without permission" because Plaintiff Field had

purportedly failed to specifically obtain formal permission from Gates, despite Plaintiff Field having complied with the accepted practice and procedure of the department.

## **FIRST CAUSE OF ACTION**

### **Age Discrimination**

### **Cal. Gov't Code § 12940(a))**

(Against Defendant Michael Gates in his official capacity,

and the City of Huntington Beach and Does 1-10)

40.     Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully stated here.

41.     At all times relevant, Plaintiffs Moore and Field were employees of the Defendants, covered employer(s) under the FEHA, and Plaintiwere covered by the FEHA, which prohibits discrimination on the basis of age.  Plaintiffs were each above the age of 40, and therefore within the protected class for age.

42.     Defendants subjected Plaintiffs to numerous adverse employment actions, including but not limited to hostile, unbearable workplace conditions, including severe financial duress.  These actions include: (1) replacing the work and functions of older city attorneys with younger city attorneys; (2) removing duties; (3) imposition of unjustified demotions and drastic reductions in pay, the latter of which Gates knew would adversely affect earned and future benefits; (4) assigning excessive duties with unreasonable deadlines, unachievable tasks and goals; (5) falsely and/or unfairly attributing fault and poor performance; and (6) setting unachievable goals which were virtually impossible to achieve, to his subjective satisfaction.  These adverse employment actions forced Plaintiff Moore to resign and resulted in two significant demotions for Plaintiff Field. Age was a substantial motivating reason for the adverse employment actions against Plaintiffs.

43.     Plaintiff Moore was ultimately forced to resign, only to be replaced by

attorneys approximately thirty-five (35) years his junior.   Based on the disparity in treatment between Plaintiff Moore, age seventy-three (73), and others, Plaintiff Moore contends that he was subjected to discrimination based on age.

44.     Like Plaintiff Moore, Plaintiff Field was also subjected to hostile, unbearable workplace conditions, including severe financial duress, unjustified public disparagement among his peers and two draconian demotions from Assistant City Attorney to Senior Deputy City Attorney and then to Deputy City Attorney.

45.     Plaintiffs were and continue to be harmed as a direct and proximate result of the foregoing described conduct of Defendants, which was a substantial factor in causing Plaintiffs harm.

46.     **Economic damages.**  As a direct and legal result of the conduct of Defendants, Plaintiffs suffer and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of the jurisdictional limits of this Court.

47.     **Non-economic damages.**  As a direct and legal result of the conduct of Defendants, Plaintiffs suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount to be proved at trial.

48.     In addition, Defendant City of Huntington Beach and Does 1-10, are responsible for interest, penalties, costs, and statutory attorney fees arising from this claim.

## SECOND CAUSE OF ACTION

### Hostile Work Environment (Age)

### Cal. Gov't Code § 12940(a), et. seq.

(Against Defendant Michael Gates in his official capacity,

and the City of Huntington Beach and Does 1-10)

49.     Plaintiffs repeat, reallege, and incorporate by reference the allegations

1    contained in all previous paragraphs as though fully set forth at length herein.

2        50.    Plaintiffs were each above the age of 40, and therefore within the

3    protected class for age, with Plaintiff Moore being seventy-three (73) years old and

4    Plaintiff Field being sixty-two (62) years old.

5        51.    Plaintiffs were subjected to an age-based hostile work environment by

6    the by the CITY, through Gates, the City Attorney.

7        52.    Gates, empowered by the City of Huntington Beach, effected a

8    significant change in employment status of Plaintiffs, including, but not limited to,

9    forcing Plaintiff Moore's retirement by threatening him with imposition of a

10    draconian demotion, and twice demoting Plaintiff Field.

11        53.    Defendants have fostered an atmosphere of entrenched age-based

12    discrimination in the workplace that is intimidating, hostile, and offensive based on

13    age.  The CITY, through Gates, created a culture that dehumanizes and humiliates

14    older attorneys and staff, which has persisted since the arrival of Gates as the City

15    Attorney for Huntington Beach.  The conduct visited upon the Plaintiffs differs, and

16    is much less favorable than, the treatment received by younger employees, some of

17    whom are outside of the protected class.

18        54.    Defendants' conduct creates a work environment that is intimidating,

19    hostile, or offensive to older employees in the workplace, including Plaintiffs.

20        55.    The above-described conduct is part of an ongoing, pattern and practice

21    of discrimination and harassment which began before the statute of limitations

22    period.  The offensive conduct has been allowed and persists as a result of policies

23    and practices in effect at the Office of the City Attorney for the City of Huntington

24    Beach, which encourages, tolerates and condones discrimination based on age.

25        56.    Defendants' harassing conduct was severe or pervasive.

26        57.    A reasonable person in Plaintiffs' circumstances would have considered

27    the work environment to be hostile or abusive.

28

58.     Each Plaintiff did and does in fact consider the work environment to be hostile and abusive.

59.     Plaintiffs are informed and believe, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other discriminatory practices against them which are not yet fully known. At such time, as said discriminatory and harassing practices become known to them, Plaintiffs will seek leave of Court to amend this Complaint.

60.     Plaintiffs have been harmed as a direct and proximate result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

61.     **Economic damages.**  As a direct and legal result of the conduct of Defendants, Plaintiffs suffer and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of the jurisdictional limits of this Court.

62.     **Non-economic damages.**  As a direct and legal result of the conduct of Defendants, Plaintiffs suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount to be proved at trial.

63.     In addition, Defendant City of Huntington Beach and Does 1-10, are responsible for interest, penalties, costs, and statutory attorney fees arising from this claim.

## THIRD CAUSE OF ACTION

### Disability Discrimination

### Cal. Gov't Code § 12940(a))

(By Plaintiff Field Against Defendant Michael Gates in his official capacity, and the City of Huntington Beach and Does 1-10)

64.     Plaintiff Field incorporates by reference each and every allegation

contained in the preceding paragraphs as though fully stated here.

65.     Plaintiff Field was employed by Defendants, covered employer(s) under the Fair Employment and Housing Act.

66.     Defendants were put on notice that Plaintiff Field suffered from a disabling condition (cataracts), which limited Plaintiff in the major life activity of vision, among other major life activities.  Cataracts is a condition predominantly experienced by individuals in the protected class of age.

67.     Defendants regarded and treated Plaintiff Field as if he was suffering from a disabling condition (cataracts) and/or suffering from the side effects of a mitigation measure to treat his disabling condition (cataracts), which limited Plaintiff in the major life activity of vision, performing manual tasks, and working, among other major life activities

68.     Defendants subjected Plaintiff Field to adverse employment actions including, but not limited to, mocking Plaintiff Field, designating his protected leave as "absent without permission," in violation of City practice and procedure, nasty tirades denying knowledge of Plaintiff Field's surgery and post-surgical appointments, misclassifying absent days versus days that Plaintiff Field was granted formal permission, violating the City of Huntington Beach policy and procedure for permitted sick days, and continuing to subject Plaintiff Field to excessive discipline and retaliation.

69.     Plaintiff Field would have been able to perform the essential functions of his job with a reasonable accommodation, but Defendants failed to provide a reasonable accommodation or engage in an interactive process to determine whether an ongoing reasonable accommodation was possible or necessary.

70.     Plaintiff was harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

71.     **Economic damages.**  As a direct and legal result of the conduct of

Defendants, Plaintiff Field suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of the jurisdictional limits of this Court.

72. **Non-economic damages.**  As a direct and legal result of the conduct of Defendants, Plaintiff Field suffered general damages including, but not limited to, damage to his reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### Hostile Work Environment (Disability)

### Cal. Gov't Code § 12940 et seq.

(By Plaintiff Field Against Defendant Michael Gates in his official capacity, and the City of Huntington Beach and Does 1-10)

73.	Plaintiff Field incorporates by reference each and every allegation contained in the preceding paragraphs as though fully stated here.

74.	At all relevant times, Plaintiff was an employee of Defendants.

75.	Plaintiff Field is a person with a vision disability.

76.	Plaintiff Field was subjected to discrimination and harassment in the course of his employment with Defendants.

77.	Defendants have fostered an atmosphere of entrenched disability-based discrimination in the workplace that is intimidating, hostile, and offensive based on Plaintiff Field's disability.

78.	Defendants or a member of Defendants' management knew or should have known of the harassing conduct based on Plaintiff Field's disability. Defendants or a member of Defendants' management failed to take prompt, effective remedial action reasonably calculated to end the harassment.

79.	Defendants' conduct creates a work environment that is intimidating,

hostile, or offensive to persons with disabilities in the workplace, including Plaintiff Field.  This offensive conduct Defendant includes, but is not limited to, nasty tirades denying knowledge of Plaintiff Field's surgery and post-surgical appointments, misclassifying absent days versus days that Plaintiff Field was granted formal permission, violating the City of Huntington Beach policy and procedure for permitted sick days, and continuing to subject Plaintiff Field to excessive discipline and retaliation.

80. Through their unlawful treatment of Plaintiff Field, Defendants have fostered an atmosphere of entrenched disability-based discrimination in the workplace. The conduct described above is part of an ongoing, pattern and practice of discrimination and harassment which began before the statute of limitations period.  The offensive conduct has been allowed and persists as a result of policies and practices in effect at the Office of the City Attorney located in the City of Huntington Beach, which tolerate and condone discrimination based on disability.

81. Defendants' harassing conduct was severe and pervasive.

82. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

83. Plaintiff Field considered the work environment to be hostile and abusive.

84. Plaintiff Field is informed and believes, and based thereon allege, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other discriminatory practices against them which are not yet fully known. At such time, as said discriminatory and harassing, practices become known to them, Plaintiff Field may seek leave of Court to amend this Complaint.

85. As a direct and proximate result of the conduct of Defendants as set forth above, Plaintiff Field has and will continue to suffer economic and non-economic damages and general and special damages in a sum according to proof, in

1    an amount exceeding the jurisdictional limits of this Court.

2          86.    In addition, Defendants City of Huntington Beach and Does 1-10 are

3    responsible for interest, penalties, costs, and attorney fees related to this cause of

4    action.

5    **FIFTH CAUSE OF ACTION**

6    **Failure to Prevent Discrimination Based on Age and/or Disability**

7    **Cal. Gov't Code § 12940(k)**

8    (By Plaintiffs Against Defendant Michael Gates in his official capacity,

9    and City of Huntington Beach and Does 1-10)

10         87.    Plaintiffs hereby incorporate by reference each and every allegation

11   contained in the preceding paragraphs as though fully stated here.

12         88.    At all relevant times, Plaintiffs were employees of Defendants covered

13   by the FEHA.

14         89.    Defendants discriminated against Plaintiffs in the course of their

15   employment.

16         90.    Defendants failed to take all reasonable steps to prevent discrimination

17   and retaliation.

18         91.    Plaintiffs were harmed as a direct and proximate result of Defendants'

19   failure to take reasonable steps to prevent discrimination.  Defendants' failure to take

20   reasonable steps to prevent discrimination was a substantial factor in causing

21   Plaintiffs' harm.

22         92.    **Economic damages.**  As a direct and legal result of the conduct of

23   Defendants, Plaintiffs suffered and will suffer special damages for lost earnings and

24   wages in an amount not yet fully known, but in excess of the jurisdictional limits of

25   this Court.

26         93.    **Non-economic damages.**  As a direct and legal result of the conduct of

27   Defendants, Plaintiffs suffered general damages including, but not limited to, damage

28

to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount to be proved at trial.

94.   **Ratification.**   Plaintiffs are informed and believe and on that basis allege that Defendants were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified that conduct.

## SIXTH CAUSE OF ACTION

### Disability Discrimination

### In Violation of the Rehabilitation Act

### (29 U.S.C. § 794, *et seq.*)

(By Plaintiff Field Against Michael Gates, in his official capacity, and the City of Huntington Beach and Does 1-10)

95.   Plaintiff Field repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

96.   To establish a prima facie case of disability discrimination under the Rehabilitation Act, Plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is qualified to perform the essential functions of the job, either with or without reasonable accommodation; 3) the employer acted adversely against her solely because of her disability; and 4)  the employer receives federal financial assistance.  *See Zukle v. Regents of Univ. of Cal.* (9th Cir.1999) 166 F.3d 1041, 1045 (9th Cir.1999).

97.   Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act.  29 U.S.C, § 705(20)(B) (for purposes of Section 504, a disability is defined in 42 U.S.C. § 12102).

98.   Plaintiff is qualified to perform the essential functions of her job, and indeed, was effectively performing them until Defendant Gates and the CITY learned of Plaintiff's disability.

99.   Defendant Gates and the CITY harassed and retaliated against Plaintiff Field solely due to his disability.

100.   Defendant Gates and the CITY receive dollars in federal financial assistance.

101.   Pursuant to 29 U.S.C. § 794a, Plaintiff is entitled to entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SEVENTH CAUSE OF ACTION

### First Amendment Retaliation under Equal Protection

42 U.S.C. § 1983

(By Plaintiff Moore Against Defendant Michael Gates in his personal capacity, and City of Huntington Beach and Does 1-10)

102.   Plaintiffs repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

103.   Defendants, acting under color of state law, deprived Plaintiff Moore of his constitutional right to freedom of speech in connection to his complaints about age discrimination.

104.   To establish a prima facie First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiff must establish that: (1) he spoke on a matter of public concern; (2) the plaintiff spoke as a private citizen and not as a public employee; and (3) his protected speech was a substantial or motivating factor in the adverse employment action.

105.   Plaintiff Moore spoke on an issue of public concern by raising the issue of age discrimination in the workplace to his Director of Human Resources. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1251–52 (9th Cir. 2016)

106.   Plaintiff Moore was not speaking for his public employer when he made his complaint.   He was speaking as a concerned private citizen regarding the

1    discrimination that was happening to him in his workplace.

2        107.   After complaining of the discrimination, his demotions were upheld and
3    Plaintiff Moore was forced to resign from his position as Senior Deputy City
4    Attorney, effective on April 6, 2018, due to intolerable work conditions created by
5    Gates, including the adverse actions described above.

6        108.   **Economic damages.**  As a direct and legal result of the conduct of
7    Defendants, Plaintiff Moore suffered and will suffer special damages for lost
8    earnings and wages in an amount not yet fully known, but in excess of the
9    jurisdictional limits of this Court.

10       109.   **Non-economic damages.**  As a direct and legal result of the conduct of
11   Defendants, Plaintiff Moore suffered general damages including, but not limited to,
12   damage to their reputation, pain and suffering, humiliation, embarrassment,
13   mortification, hurt feelings, and emotional distress, all in an amount to be proved at
14   trial.

15       110.   In addition, Defendants City of Huntington Beach and Does 1-10 are
16   responsible for interest, penalties, costs, and attorney fees related to this cause of
17   action.

18       111.   Defendant Gates, in his personal capacity, has engaged in despicable
19   conduct, exposing Plaintiff Moore to cruel and unjust hardship, with the intention to
20   cause injury to Plaintiff, and with conscious disregard of his rights.   Defendant
21   Gates, in his personal capacity, occupied a position of trust which gave him power to
22   damage Plaintiff Moore's ability to earn a livelihood.   Defendant Gates, in his
23   personal capacity, abused that position of trust by maliciously, fraudulently, and
24   oppressively retaliating against him under the circumstances described here.
25   Plaintiff Moore is therefore entitled to punitive damages in an amount to be proven at
26   trial.   Defendant Gates' conduct in retaliating against Plaintiff was willful and
27   oppressive and done in conscious disregard of their rights.

28

## **PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

1. For economic and special damages according to proof at trial;

2. For payment of all statutory obligations and penalties as required by law;

3. For pre-judgment and post-judgment interest at the legal rate;

4. For punitive damages in an amount to be proven at trial;

5. For attorney's fees and costs;

6. For reinstatement of Plaintiff Scott Field to his original position, prior to his demotions, reimbursement, and restitution, and other equitable relief;

7. For injunctive relief seeking to prohibit and replace the current promotional system so that future promotions as based on objective criteria and not subject to the unfettered discretion of the City Attorney; and

8. For such further relief as the Court may deem just and proper.

1

2

3     Dated: March 26, 2019              Respectfully submitted,

4                                        ALEXANDER KRAKOW + GLICK LLP

5

6

7                                        By: /s/        Christopher Lee
                                            _____
8                                            J. Bernard Alexander, III
                                             Christopher Lee
9
                                         Attorneys for Plaintiffs
10                                       NEAL MOORE and SCOTT FIELD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 26, 2019              Respectfully submitted,

ALEXANDER KRAKOW + GLICK LLP



By: /s/     Christopher Lee
            J. Bernard Alexander, III

Christopher Lee

Attorneys for Plaintiff NEAL MOORE and SCOTT FIELD

## CERTIFICATE OF SERVICE

I, Christopher M. Lee, an employee in the City of Los Angeles, certify that on March 26, 2019, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

## PLAINTIFF'S THIRD AMENDED COMPLAINT

| | |
|---|---|
| *Counsel for Defendants:*<br>Brian L. Williams, Esq.<br>Daniel S. Cha, Esq.<br>Huntington Beach City Attorney's Office<br>2000 Main Street<br>Huntington Beach, California 92648<br>T:   714.536.5555<br>F:   714.374.1590<br>E:   brian.williams@surfcity-hb.org<br>     daniel.cha@surfcity-hb.org | *Counsel for Defendants:*<br>Evan C. Borges, Esq.<br>Wayne R. Gross, Esq.<br>Claire-Lise Y. Kutlay, Esq.<br>Greenberg Gross LLP<br>650 Town Center Drive<br>Suite 1700<br>Costa Mesa, CA 92626<br>T:   949.383.2800<br>F:   949.383.2801<br>E:   EBorges@GGTrialLaw.com<br>     WGross@GGTrialLaw.com<br>     CKutlay@GGTrialLaw.com |

March 26, 2019                  ALEXANDER KRAKOW + GLICK LLP

By:   s/ Christopher M. Lee
       J. Bernard Alexander, III
       Christopher M. Lee
       1900 Avenue of the Stars, Suite 900
       Los Angeles, CA 90067
       Attorneys for Plaintiff,
       NEAL MOORE
       SCOTT FIELD