**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0009-DOC (ADSx)　　　　　　　　　　Date: May 13, 2019

Title: NEAL MOORE ET AL V. MICHAEL GATES ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):　ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT [26]**

　　　　Before the Court is Defendants Michael Gates and City of Huntington Beach's ("City") Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion") (Dkt. 26). The Court heard oral argument on May 13, 2019. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS WITHOUT PREJUDICE Defendants' Motion.

**I.　Background**

　　　　The following facts are drawn from Plaintiffs Neal Moore and Scott Field (collectively, "Plaintiffs") Third Amended Complaint ("TAC") (Dkt. 25). Plaintiffs Neal Moore and Scott Field (collectively, "Plaintiffs") bring this action against Gates and the City, alleging age and disability discrimination. Plaintiffs collectively allege that, since taking office as City Attorney of Huntington Beach in 2014, Gates has made a concerted effort to push out or otherwise displace and replace older workers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0009-DOC (ADSx)            Date: May 13, 2019
           Page 2

      Plaintiff Moore is seventy-three years old. TAC ¶ 1. Moore represented the City of Huntington Beach in private practice from 1976 to 2004. *Id.* 21–24. He was employed as lead trial for the City beginning in 2004, and was last employed as a Senior Deputy City Attorney for the City. *Id.* Moore alleges that, in 2017, Gates hired two substantially younger attorneys, and then systematically transferred duties from older attorneys, including Moore, to these younger attorneys. *Id.* ¶ 26. Moore alleges that he was previously the lead trial attorney for the City, but was subsequently relegated to performing lesser, entry-level discovery and motion work, while Gates assigned substantive work to the younger attorneys. *Id.*

      Moore alleges that, in March 2018, Gates demoted Moore three classifications for purported incidents of misconduct that occurred in January 2016 and July 2016. *Id.* ¶ 27. The demotion resulted in an approximate 35% reduction in Moore's salary and a substantial reduction in the value of banked hours due to Moore, and was to become effective on April 9, 2018. *Id.* Moore alleges that Gates imposed this demotion knowing that it would force Moore to retire rather than suffer a drop in the value of Moore's retirement benefits. *Id.* Moore subsequently spoke to the Director of Human Resources about the demotion, and on March 21, 2018, Moore participated in a due process hearing, which public employees are entitled to under *Skelly v. State Personnel Board*, 15 Cal. 3d 194 (1975). *Id.* ¶ 28. After this hearing, it was determined that Moore's discipline would remain in place and would become effective on April 9, 2018. *Id.* Moore then resigned from his position with the City Attorney's office, effective April 6, 2018. *Id.* ¶ 29.

      Plaintiff Scott Field is sixty-two years old and is currently a Senior Deputy Attorney with the City. *Id.* ¶ 2. Field has been employed with the City since 1995. *Id.* ¶ 30. Plaintiffs allege that, after the forced retirement of another City employee, Field was reassigned the former employee's work, and that Field was being set up to fail. *Id.* ¶ 32. When Field was unable to meet deadlines for reassigned work, he was demoted from Assistant City Attorney to Senior Deputy City Attorney, on or around November 21, 2016. *Id.* Field alleges that he had never been disciplined prior to Gates taking office. *Id.* However, Gates took actions to force Field to voluntarily resign, including: repeatedly disciplining Field with written reprimands, public humiliating Field by removing him from the litigation team, removed Field's name from all pleadings despite his continued litigation responsibilities, and giving successive derogatory verbal and written reviews. *Id.* ¶ 34. On or about November 22, 2018, Field was subjected to a second demotion, from Senior Deputy City Attorney to Deputy City Attorney. *Id.* ¶ 35. Plaintiffs also allege that Field underwent several cataract procedures beginning in October 2016, and

was issued verbal and written reprimands for taking protected medical leave to treat his disability. *Id.* ¶ 36–39.

On January 3, 2019, Plaintiffs filed a Complaint against the City and Gates (Dkt. 1). Plaintiffs subsequently filed a First Amended Complaint and Second Amended Complaint, and on March 26, 2019 Plaintiffs filed the operative Third Amended Complaint by stipulation with Defendants (Dkt. 25). Plaintiffs bring seven claims against Defendants. In addition to five claims under state law, Plaintiffs bring claim six for disability discrimination in violation of the Rehabilitation Act, and claim seven for first amendment retaliation under equal protection, pursuant to 42 U.S.C. § 1983 Dkt. 25).

On April 9, 2019, Defendants filed the instant Motion to Dismiss ("Motion") (Dkt. 26). Plaintiffs opposed on April 22, 2019 ("Opposition") (Dkt. 28), and Defendants replied on April 29, 2019 ("Reply") (Dkt. 30).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0009-DOC (ADSx)                                           Date: May 13, 2019
                                                                                                                                                 Page 4

thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Under Rule 12(b)(1), a party may assert a lack of subject matter jurisdiction as a defense to a claim, and under Rule 12(h)(3), an action must be dismissed if the court determines that it does not have subject matter jurisdiction over the action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and [federal] statute." *Kokkomen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The burden of establishing that the federal court has jurisdiction rests on the party asserting jurisdiction. *Ass'n. of Am. Med. Coll. v. U.S.*, 217 F.3d 770, 778–79 (9th Cir. 2000) (quoting *Kokkomen*, 511 U.S. at 377).

**III. Discussion**

In the instant Motion, Defendants argue that Plaintiffs cannot make a claim under the Rehabilitation Act or under Section 1983, and Plaintiffs sixth and seventh claims should be dismissed with prejudice. As the sixth and seventh claims are the only federal claims in the action, Defendants argue that Plaintiffs' Third Amended Complaint should then be dismissed in its entirety for lack of subject matter jurisdiction.

**A. Rehabilitation Act Claim**

Defendants argue that Plaintiff Field's Rehabilitation Act claim fails because Gates and the City do not fall within the statutory definition of a "program or activity receiving Federal financial assistance" as required to make a claim under the Act. Mot. at 13–14. Plaintiffs argue the City Attorneys' Office received substantial federal financial assistance while Plaintiffs were employed there, and thus Field can make a claim against the City under the Rehabilitation Act. Opp'n at 4–6.

Under the Rehabilitation Act "[n]o otherwise qualified individual with a disability in the United States. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0009-DOC (ADSx)            Date: May 13, 2019
           Page 5

program or activity receiving Federal financial assistance. . . ." 28 U.S.C. § 794(a). A "program or activity" includes "a department, agency, special purpose district, or other instrumentality of a State or of a local government" or "the entity of such State or local government that distributes such assistance and each such department or agency. . . to which the assistance is extended," "any part of which is extended Federal financial assistance." 28 U.S.C. § 794(b). The phrase 'program or activity' "only covers all the activities of the department or the agency receiving federal funds." *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002).

The Court takes judicial notice of the Adopted Budget of the City of Huntington Beach for the Fiscal Year 2018-2019 as submitted by Defendants with their Motion. Defendants' Request for Judicial Notice ("Defendants' RJN") (Dkt. 26-1, 26-2). The Court also takes judicial notice of the Adopted Budget of the City of Huntington Beach for the Fiscal Year 2016-2017 as submitted by Plaintiffs with their Opposition. Plaintiffs' Request for Judicial Notice ("Plaintiff's RJN") (Dkt. 28- 1).

As to the Rehabilitation Act claim, the Court finds that Plaintiffs have not adequately stated a claim for relief. Plaintiffs argue that Field's salary as an employee of the City Attorneys' Office was paid from General Fund Revenue, and the City's General Refund received more than $2 million each year in "Revenue from Other Agencies," which includes revenue from federal, state, and local agencies. Opp'n at 5. On this basis, Plaintiffs conclude that the City Attorneys' Office is a program or activity receiving Federal financial assistance within the meaning of the Rehabilitation Act. However, Plaintiffs' argument that City Attorney staff salaries receive federal funding because they are partially funded by the City's General Fund, and the General Fund in turn receives some federal funding, is too attenuated to establish that the City Attorney's Office received federal financial assistance as required under the Rehabilitation Act. *See generally* Defendants' RJN; Plaintiffs' RJN. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' Rehabilitation Act claim.

### B. First Amendment Retaliation Claim

Defendants argue that Plaintiff Moore's seventh cause of action for first amendment retaliation in violation of equal protection, pursuant to Section 1983, also fails because his speech was not a matter of public concern, and the speech was made solely as a public employee. Mot. at 16–19. Plaintiffs argue they have properly alleged a first amendment retaliation claim by alleging that Moore raised the issue of age discrimination in the workplace to the Director of Human Resources, thus speaking on a matter of public concern as a private citizen, and that his demotions were upheld and he was forced to resign as a result. Opp'n at 6–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0009-DOC (ADSx)                                                          Date: May 13, 2019
                                                                                                                       Page 6

      To make a First Amendment retaliation claim, a plaintiff must allege that (1) he spoke on a matter of public concern, (2) he spoke as a private citizen rather than as a public employee, and (3) the protected speech was a substantial or motivating factor in an adverse employment action. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). *See also Huskey v. San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Speech involves a matter of public concern where it relates to "any matter of political, social, or other concern to the community." *Eng*, 552 F.3d at 1080. "[T]he essential question is whether the speech addressed matters of 'public' as opposed to 'personal' interest." *Desrochers v. City of San Bernadino*, 572 F.3d 702, 709 (9th Cir. 2009) (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983)). Personnel matters including employment grievances in which the employee is complaining about his own job treatment are not protected under the public concern test, while personnel matters that do not pertain to a plaintiff's own job status are "the type of personnel matter that can be constitutionally protected under the public concern test." *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004).

      On a First Amendment retaliation claim, whether a plaintiff public employee confined his communications to his chain of command is a relevant, though not necessarily dispositive, factor in determining whether he spoke pursuant to his official duties; "generally, when a public employee raises complaints or concerns up the chain of command at [his] workplace about [his] job duties, that speech is undertaken in the course of performing [his] job." *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1262 (9th Cir. 2016) (internal citations omitted).

      In "evaluating whether government's adverse employment action was motivated by the employee's speech, [the court] must assumed the truth of the plaintiff's allegations." *Eng*, 552 F.3d at 1071. At the same time, it is the plaintiff's burden to show that his constitutionally protected speech was a motivating factor in the adverse employment action. *Marable v. Nitchman*, 511 F.3d 924, 930 n.10 (9th Cir. 2007).

      Here, Plaintiff has not alleged sufficient facts to make a claim for retaliation in violation of the First Amendment. The Third Amended Complaint alleges that Moore spoke to Human Resources about alleged discrimination that was happening to *him* in the workplace, *see* TAC ¶ 106; Moore was therefore speaking on a matter of personal concern, not one of public concern. Moreover, Moore states that he spoke to Human Resources about alleged discrimination against him personally *after* his demotion, not before the demotion, *see* TAC ¶ 28, and thus Moore's speech regarding alleged discrimination could not possibly have been a motivating factor in City and Gates's prior

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-0009-DOC (ADSx) | Date: May 13, 2019 |
| | Page 7 |

action to demote him. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's seventh claim for retaliation in violation of the First Amendment.

## IV.     Disposition

For the reasons set forth above, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' sixth claim under the Rehabilitation Act and DISMISSES WITHOUT PREJUDICE Plaintiff's seventh claim pursuant to the First Amendment.

Plaintiff may file an amended complaint, if desired, on or before **May 30, 2019**.  If Plaintiff does not file an amended complaint, the action will be dismissed for lack of subject matter jurisdiction.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djl |